IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEPHEN COLLIS MASSEY,

        Petitioner,        3:11-cv-01294-TC

        v.                    FINDINGS AND
                                RECOMMENDATION

J.E. THOMAS,

        Respondents.

COFFIN, Magistrate Judge.

Petitioner, an inmate in the custody of the Bureau of Prisons (BOP) filed a petition under 28 U.S.C. § 2241 alleging that the BOP's creation of a financial plan through the Inmate Financial Responsibility Program ("IFRP") violates the Mandatory Victims Restitution Act ("MVRA") by infringing on the sentencing court's exclusive authority to schedule

1 - FINDINGS AND RECOMMENDATION

restitution payments. Petition (#2). Petitioner requests that the court order the BOP to cease all collection activity, vacate petitioner's IFRP Refusal status, identify petitioner as IFRP exempt, and vacate all sanctions imposed as a result of his refusal to participate in the IFRP. Id. p. 3

Respondent argues that (1) petitioner lacks standing; (2) this court lacks subject matter jurisdiction; (3) the IFRP is a valid correctional program, the administration of which does not constitute a delegation of the court's duty to schedule repayments; and (4) absence of a court-ordered schedule of periodic payments does not excuse petitioner from the IFRP.

I take judicial notice of the background facts and policies concerning the creation and operation of the IFRP. These policies are summarized in Respondent's Response (#13) at pages 2-4 and need not be repeated here.

On October 12, 2005, as part of petitioner's lawfully imposed 112 month sentence for "Conspiracy to Commit Identity Theft and Bank Fraud," the sentencing court committed petitioner to the custody of the BOP and ordered him to pay $200 assessment, and $30,939.68 in restitution. Amended Syed Declaration (#15) attachment 1. In the restitution order, the sentencing court provided the following instructions: "Restitution shall be paid in full immediately." Id. at p. 5. Petitioner does not dispute that he owes restitution, nor does

he challenge the restitution order.

Respondent's standing and jurisdictional arguments appear to be well taken. However, even if petitioner has standing, and § 2241 jurisdiction is proper, petitioner's petition should be denied based on the Ninth Circuit's decision in <u>United States v. Lemoine</u>, 546 F.3d 1042 (9th Cir. 2008) which upheld the validity of the IFRP, finding that it did not violate the MVRA as interpreted by the Ninth Circuit in <u>Uniited States v. Gunning</u>, 339 F.3d 948, 949 (9th Cir. 2003) (*Gunning I*) and <u>United States v. Gunning</u>, 401 F.3d 1145 (9th Cir. 2005) (*Gunning II*). The Ninth Circuit's holding in *Lemoine* is controlling of the issue in this case and requires the dismissal of petitioner's petition.

Petitioner argues that his situation is distinguishable from the circumstances of *Lemoine* because here the sentencing court did not set a schedule of payments for his period of incarceration. This distinction is not material, because a restitution order requiring payment "due immediately" is a valid order in compliance with the MVRA. *See,* <u>U.S. v Martin</u>, 278 F.3d 988, 1006 (9th Cir. 2002) *citing* 18 U.S.C. § 3572(d); *see also,* 18 U.S.C. §3612(b)(1)(D) and <u>United States v. Dubose</u>, 146 F.3d 1141, 1143 (9th Cir. 1998).

Based on the foregoing, it is clear that the BOP may utilize the IFRP to encourage inmates with restitution orders

3 - FINDINGS AND RECOMMENDATION

to make voluntary payments towards any portion of their restitution which they failed to pay immediately as ordered by the court.

Petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

////

////

////

4 - FINDINGS AND RECOMMENDATION

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 16T day of March, 2012.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Thomas M. Coffin
　　　　　　　　　　　　　　　　United States Magistrate Judge